IN THE MATTER OF THE ESTATE OF LAURA G. GIROD, aka
LAURA S. GIROD, aka LAURA V. GIROD, Deceased

(PROBATE NO. 38807)

NO. 7541

AND

IN THE MATTER OF THE ESTATE OF LAURA G. GIROD, aka
LAURA S. GIROD, aka LAURA V. GIROD, Deceased

(PROBATE NO. 40167)

NO. 7542

MAY 25, 1982

RICHARDSON, C.J., LUM, PADGETT, HAYASHI, JJ., AND
RETIRED JUSTICE OGATA IN PLACE OF
ASSOCIATE JUSTICE NAKAMURA, DISQUALIFIED

*Per Curiam.* This is an appeal from an order denying a petition for special administration seeking adjudication of intestacy, from an order restraining the acting personal representative and for appointment of a special administrator, and for an order approving final accounts and distributing and settling the estate and denying motion for an order determining testacy. We reverse.

The petition for probate of the decedent's will alleged that she left no spouse and that the present appellant, as one of the children of a deceased sister of the decedent, was one of her heirs-at-law and next of kin.

Certain of the other heirs-at-law filed a caveat alleging that the will in question was executed as a result of the incompetency of the testatrix and undue influence. The court below, after a probate trial, upheld the will. The contestants then filed an appeal to a jury.

Subsequently, however, the contestants and the proponent of the will reached a compromise settlement of their dispute, and that settlement was approved by the court.

Section 560:3-1102, HRS, as it read at the time of the approval of the settlement, states:

*Procedure for securing court approval of compromise.* The procedure for securing court approval of a compromise is as follows:

(1) The terms of the compromise shall be set forth in an agreement in writing which shall be executed by all competent persons and parents acting for any minor child having beneficial interests or having claims which will or may be affected by the compromise. Execution is not required by any person whose identity cannot be ascertained or whose whereabouts is unknown and cannot reasonably be ascertained.

(2) Any interested person, including the personal representative or a trustee, then may submit the agreement to the court for its approval and for execution by the personal representative, the trustee of every affected testamentary trust, and other fiduciaries and representatives.

(3) After notice to all interested persons or their representatives, including the personal representative of the estate and all affected trustees of trusts, the court, if it finds that the contest or controversy is in good faith and that the effect of the agreement upon the interests of persons represented by fiduciaries or other representatives is just and reasonable, shall make an order approving the agreement and directing all fiduciaries under its supervision to execute the agreement. Minor children may be bound only represented by a guardian ad litem who joins in execution of the compromise. Upon the making of the order and the execution of the agreement, all

further disposition of the estate is in accordance with the terms of the agreement.

An interested party is defined in § 560:1-201(24), HRS, as follows:

"Interested person" includes heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent, . . .

No notice of the proposed settlement was given to appellant.

Although appellant knew of the probate proceedings and had appeared as a witness and testified in the trial before the probate judge, she claims that she did not find out about the settlement and the order confirming it, which was entered April 14, 1978, until August of 1978. On March 2, 1979, Hawaiian Trust Company, Ltd., as personal representative, filed its petition for approval of final accounts. On April 20, 1979, appellant filed her first motion seeking, in effect, to set aside the settlement and alleging her lack of knowledge thereof.

Appellee has argued that since, under the provisions of § 560:8-101(a), HRS, Article III of the Probate Code did not take effect until after this proceeding had been commenced, that therefore, the probate judge had the power to make the statutory procedure in effect before the enactment of the probate code applicable to the particular case either in the interests of justice or because of the infeasibility of the application of the procedure under the probate code. However, no such determination was made by the probate judge.

We see no reason why the procedure, set forth in § 560:3-1102(3), giving notice to all interested parties, should not have been followed in this case.

The court below, in its order approving final accounts, stated that appellant had actual notice of the "proceedings". This was clearly erroneous insofar as it applies to the proceedings with respect to the settlement of the contest.

The orders appealed from are reversed and the case is remanded for the holding of an evidentiary hearing on the question of when appellant received actual notice of the settlement and of whether any delay from the receipt of such actual notice until the filing of her motions resulted in prejudice to the other parties which would bar her contesting the will at the time she filed her first motion

in April of 1979. If it is found that she did not receive actual notice of the settlement before or at the time of the entry of the order confirming the settlement and if it is further found that she should not be barred from contesting the will because of prejudice to the other parties resulting from any delay in filing her motion after she received actual notice of the settlement, then the order confirming the settlement should be set aside and a hearing held on the motion for approval thereof. Should the court then disapprove the settlement, appellant should then be permitted to proceed to a jury trial contesting the will for the grounds set forth in the original caveat by the original contestants.

Reversed and remanded.

*Robert A. Marks* on the briefs for appellant, Madeline Hope.

*D. Barclay Bryan* on the brief for appellee, Hawaiian Trust Company.